IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIAN SUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-973-DII |
| | § | |
| UR M. JADDOU, *Director of U.S. Citizenship and Immigration Services (USCIS)*; ALEJANDRO MAYORKAS, *Secretary of the U.S. Department of Homeland Security*; CHRISTOPHER WRAY, *Director of the Federal Bureau of Investigation*; and MERRICK B. GARLAND, *Attorney General*, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants Ur M. Jaddou ("Jaddou"), Director of U.S. Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas ("Mayorkas"), Secretary of the U.S. Department of Homeland Security; Christopher Wray ("Wray"), Director of the Federal Bureau of Investigation; and Merrick B. Garland ("Garland"), Attorney General's (collectively, "Defendants") motion to dismiss Plaintiff Jian Sun's ("Plaintiff") complaint. (Dkt. 7). Plaintiff filed a response in opposition, (Dkt. 8), and Defendants replied, (Dkt. 10). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion to dismiss should be granted.

**I. BACKGROUND**

Plaintiff alleges the following facts in his complaint. He is a conditional permanent resident of the United States and a Chinese national. (Compl., Dkt. 1, ¶ 10). He resides in Austin, Texas. (*Id.* ¶ 9). He has served honorably in the Selected Reserve of the Ready Reserve for the United States Army since June 2022. (*Id.* ¶ 10). On August 3, 2022, he filed an N-400 application for naturalization with USCIS, which included a Form N-426 indicating his honorable military service. (*Id.* ¶¶ 1, 17). A

1

little over a year later, on August 19, 2023, Plaintiff filed his complaint. (*Id.*). To date, Plaintiff has not been scheduled for a naturalization interview.

Defendant Jaddou, sued in her official capacity, is the Director of the USCIS, which is the component of the Department of Homeland Security ("DHS") responsible for adjudicating N-400 applications. (*Id.* ¶ 11). Defendant Mayorkas, sued in his official capacity as the Secretary of Homeland Security, is responsible for overseeing DHS, including its adjudication of N-400 applications. (*Id.* ¶ 12). Defendant Wray, sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"), is responsible for performing background and security checks for certain applicants for immigration benefits. (*Id.* ¶ 13). Defendant Garland, sued in his official capacity, is the Attorney General of the United States; applicants for naturalization must establish eligibility to the satisfaction of the Attorney General. (*Id.* ¶ 14).

Plaintiff filed this suit "to compel Defendants to take action by scheduling him for a naturalization interview and making a decision on his long-pending N-400 application." (*Id.* ¶ 20). Plaintiff brings three claims for relief: (1) that Defendants are unlawfully withholding and unreasonably delaying under the Administrative Procedure Act (the "APA") by failing to process his N-400 application for over twelve months, (2) that he is entitled to mandamus relief to compel Defendants to adjudicate his N-400 application because it has been an unreasonable amount of time, and (3) that his Fifth Amendment right to due process is being violated by this unreasonable delay. (*Id.* ¶¶ 23–37).

Defendants moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 7). Plaintiff filed a response in opposition, (Dkt. 8)[1], and Defendants replied, (Dkt. 10).

---

[1] In his response, Plaintiff argues that the motion to dismiss is "premature" since discovery has not yet occurred. (Resp., Dkt. 8, at 17). But courts routinely rule on motions to dismiss at the beginning of cases. Here, Defendants have moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). (Mot. Dismiss,

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to

---

Dkt. 7). As detailed below, the Court is able to determine at this stage that it lacks jurisdiction over two of Plaintiff's claims and that Plaintiff fails to state a claim on the third.

3

relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

#### A. Plaintiff's APA Claim

Plaintiff alleges that Defendants are unlawfully withholding and unreasonably delaying under the APA because they have failed to process his N-400 application for over a year. (Compl., Dkt 1, ¶¶ 23–37). The APA allows courts to compel agency action when the action has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it."). However, "'a claim under § 706(1) can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* action that [2] it is *required to take*.'" *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th

4

Cir. May 12, 2023) (unpublished) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*")). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 197 (5th Cir. 2023) (quoting *SUWA*, 542 U.S. at 63).

To be naturalized as a citizen of the United States, an alien must show, *inter alia*, that: (1) he or she was lawfully admitted for permanent residence in the United States in accordance with the Immigration and Nationality Act (the "INA"), (2) he or she resided continuously and was physically present in the United States for certain periods of time, (2) he or she was and still is a person of good moral character, and (4) he or she is committed to the principles of the United States Constitution. 8 U.S.C. §§ 1427, 1429. Under Section 1440, aliens who have served in the United States Armed Forces are exempted from certain age, residency, and physical presence requirements and from certain restrictions on naturalization. 8 U.S.C. § 1440. After receiving an application for naturalization, USCIS is tasked with completing a background investigation of the applicant and determining whether the applicant is eligible to naturalize. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. USCIS cannot schedule an applicant for an interview until certain criminal background checks are completed. 8 C.F.R. § 335.2(b); *Dep't of Commerce & Related Agencies Appropriation Act of 1998*, Pub. L. 105-119, title I, 111 Stat. 2440, 2448–49 (Nov. 26, 1997). If an applicant for naturalization has served in the military, USCIS also conducts an inter-agency background check with the Department of Defense. USCIS Policy Manual, Volume 12, Part B, Chapter 2, "Citizenship and Naturalization, Naturalization Examination, Background and Security Checks," Volume 12, Part I, Chapter 6, "Citizenship and Naturalization, Military Members and their Families, Required Background Checks." If USCIS does not decide an N-400 application within 120 days of an applicant's naturalization interview, an applicant is entitled to sue in a United States District Court to obtain a decision on his or her application. 8 U.S.C. § 1447(b); *see also Walji v. Gonzales*, 500 F.3d 432, 438 (5th

Cir. 2007). Meanwhile, Congress has expressed an aspirational preference "that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

Plaintiff asserts that he "is entitled to be scheduled for his naturalization interview and to receive a decision on his N-400 application within a reasonable period of time." (Compl., Dkt. 1, ¶ 2 (citing 8 U.S.C. § 1421(a))). Over eighteen months have now passed since Plaintiff filed his N-400 application. In their motion to dismiss, Defendants argue that "there is no mandatory timeframe during which this petition must be adjudicated." (Mot. Dismiss, Dkt. 7, at 2). Further, Defendants argue that "[t]here is no statutory or regulatory deadline for the pre-interview adjudication of an N-400 application." (*Id.* at 11). In response, Plaintiff argues that there has been unreasonable delay because his case has been pending for several months beyond the expected processing time of nine months posted on USCIS's website. (Resp., Dkt. 8, at 11).

The Court finds that this case is analogous to the Fifth Circuit's recent opinion in *Li v. Jaddou*, 2023 WL 3431237, in which two applicants for lawful permanent residency filed suit after their applications had been pending for approximately a year, claiming that adjudication had been unreasonably delayed. The Fifth Circuit affirmed this Court's holding[2] that adjudication was not unreasonably delayed. "Although Congress enacted an aspirational goal of six months, 8 U.S.C. § 1571(b) ('180 days'), there is no clear mandate here such that we can say the USCIS was *required* to act within six months, or even within a year." *Li*, 2023 WL 3431237, at *1. Here, as in *Li*, while Congress has expressed an aspirational preference that adjudications take no longer than six months in 8 U.S.C. § 1571(b), there is no clear mandate or binding regulation stating that USCIS must adjudicate Plaintiff's N-400 within this time frame. While Plaintiff asserts that he is entitled to the

---

[2] *Li v. Jaddou*, No. 1:21-CV-883-RP, 2022 WL 3588326 (W.D. Tex. Aug. 15, 2022), *aff'd*, No. 22-50756, 2023 WL 3431237 (5th Cir. May 12, 2023).

relief he seeks, (Compl., Dkt. 1, at ¶ 21 ("Plaintiff has met all filing requirements for the N-400 application and he is *prima facie* eligible for naturalization.")), there is no requirement that this relief be granted on a particular timeline.

The Court is sympathetic to Plaintiff's desire to become a naturalized American citizen as quickly as possible, especially given that he has now waited approximately twice the current estimated processing time for N-400 applications. (Resp., Dkt. 8, at 11 ("According to USCIS's website, the normal processing time for Plaintiff should be 9 months.")). But the Court cannot find that his application has been unreasonably delayed under the APA.[3] Accordingly, because Plaintiff has not plausibly alleged an unreasonable delay claim, the Court lacks jurisdiction over Plaintiff's APA claim and must dismiss it without prejudice under Rule 12(b)(1).

### B. Plaintiff's Request for a Writ of Mandamus

Plaintiff alleges that he is entitled to mandamus relief to compel Defendants to adjudicate his N-400 application because an unreasonable amount of time has passed without adjudication. (Compl., Dkt. 1, ¶¶ 27–28). A writ of mandamus is only available if a plaintiff makes three showings: (1) that the plaintiff has a clear right to the relief, (2) that the defendant has a clear duty to perform the act in question, and (3) that "no other adequate remedy is available." *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citations omitted). Even where these requirements are met, mandamus is considered an extraordinary remedy, and a district court should only choose to exercise jurisdiction

---

[3] 8 C.F.R. § 103.2(b)(18) appears to create a presumption of unreasonableness after a two-year delay. Most courts have hewed a similar line. *See, e.g.*, *Muminov v. Sessions*, No. 1:18-CV-1034, 2018 WL 5298386, at *4 (N.D. Ohio Oct. 25, 2018) (finding delay of nearly 19 months was not unreasonable); *Sea v. U.S. Dep't of Homeland Sec.*, No. CV-18-6267-MWF (ASX), 2018 WL 6177236, at *5 (C.D. Cal. Aug. 15, 2018) (finding delay of just over two years was unreasonable); *Gordon v. Holder*, 368 Fed. Appx. 250, 253 (2d Cir. 2010) (finding, *inter alia*, "there is no basis in the record or in common experience to suggest that four months is an unreasonably long time for processing a naturalization application"); *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005) (15–month delay in deciding a naturalization appeal was not unreasonable under "the unique circumstances" of the case, but suggesting that a two-year delay could be unreasonable).

as a matter of "sound judicial discretion." *Mustafa v. Pasquerell*, No. SA-05-CA-658-XR, 2006 WL 488399, at *4 (W.D. Tex. Jan. 10, 2006) (quoting *Newsome*, 301 F.3d at 231).

Defendants argue that Plaintiff's mandamus claim is duplicative of his APA claim. (Mot. Dismiss, Dkt. 7, at 8–9). The Court agrees with Defendants. Mandamus relief is not available to Plaintiff because it would be duplicative of his cause of action under the APA. *See Fort Bend Cnty.*, 59 F.4th at 197 ("[T]he APA carried forward the traditional practice prior to passage, when judicial review was achieved through ... writs of mandamus.") (quotation and citation omitted); *see also Sawan v. Chertoff*, 589 F. Supp. 2d 817, 826 (S.D. Tex. 2008) ("The APA provides a remedy for unlawfully delayed agency action; mandamus is not necessary for relief."). As a formal matter—although it makes little practical difference, as Plaintiff's APA claim "is essentially in the nature of mandamus relief"—the Court is barred from exercising jurisdiction under the Mandamus Act. *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (quoting *Mt. Emmons Mining Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997)).

Accordingly, Plaintiff is not entitled to a writ of mandamus, and his claim for mandamus relief must be denied for lack of jurisdiction under Rule 12(b)(1).

### C. Plaintiff's Due Process Claim

Plaintiff also alleges that his due process rights under the Fifth Amendment have been violated by the delay in adjudication of his N-400 application. (Compl., Dkt. 1, at 12). In their motion to dismiss, Defendants contend that Plaintiff lacks "a constitutionally protected liberty or property interest in the pace of adjudication of his pre-interview N-400 application." (Mot. Dismiss, Dkt. 7, at 19). The Court agrees with Defendants. "Naturalization is not a natural right but a privilege." *Ibrahim v. Dep't of Homeland Sec.*, 205 Fed. App'x. 289, 290 (5th Cir. 2006) (unpublished) (citing *Taylor v. United States,* 231 F.2d 856, 858 (5th Cir. 1956)); *see also Lezzar v. Heathman*, No. 4:11-CV-4168, 2012 WL 4867696, at *7 (S.D. Tex. Oct. 11, 2012) (dismissing Fifth Amendment claim

8

due to lack of constitutional right to naturalization); *Morgovsky v. DHS*, 517 F.Supp.2d 581, 585 (D. Mass. 2007) ("There is no protected liberty interest in naturalization beyond that which Congress has provided by statute."); *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1347 (S.D. Fla. 1998) (finding no fundamental right to naturalization). Accordingly, Plaintiff lacks a due process right to naturalization, and his due process claim must be dismissed for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 7), is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

Because amendment would be futile and because Plaintiff has not requested leave to amend his complaint, **IT IS FURTHER ORDERED** that this case is **CLOSED**.

**SIGNED** on March 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE